## Appeal of Peter Ward, administrator.

1. Where the estate of a surety pays the debt, the administrator of such estate is entitled as such to be subrogated to the security against the principal.

2. Blank's Appeal, 3 Grant's Cas. 192, distinguished.

April 11th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Luzerne county:* Of January Term 1881, No. 289.

Appeal of Peter Ward, administrator of the estate of James Ward, deceased, from an order of said court, discharging a rule granted to show cause why said Peter Ward, administrator, should not be subrogated to the rights of The Anthracite Building and Loan Association, plaintiffs in a certain judgment against Daniel Sullivan and James Ward.

The facts were as follows:—Daniel Sullivan borrowed $400 from the Anthracite Building and Loan Association for which amount he gave his judgment note, dated December 28th 1871, which was also signed by James Ward as surety. Judgment was entered on this note January 5th 1872, against both the makers. On September 15th 1876, the death of James Ward was suggested on the record, and Peter Ward, administrator, was substituted. On November 27th 1876 judgment of revival was entered against Daniel Sullivan, and Peter Ward, administrator of James Ward, deceased. Subsequently the real estate of James Ward was sold by order of the Orphans' Court of Luzerne county, and on distribution the sum of $301.25 of the proceeds were paid to the Anthracite Building and Loan Association, upon their said judgment, which was the first lien on the fund.

Upon a rule granted by the Court of Common Pleas to show cause why Peter Ward, administrator of James Ward, deceased, should not be subrogated to the rights of the plaintiff in the said judgment to the amount of $301.25, depositions were taken which showed the facts to be as above set forth.

The court, after argument, discharged said rule, HANDLEY P. J. saying: " The case of Blank's Appeal, 3 Grant 193, rules the question." Peter Ward, administrator, thereupon took this appeal, assigning for error, the order discharging the said rule.

*D. C. Harrington,* for the appellant.—The judgment having been paid out of the proceeds of a judicial sale of the real estate of the deceased surety, his administrator is entitled to be

4 OUTERBRIDGE—19

subrogated to the rights of the plaintiff in the judgment, as against the principal debtor. Blank's Appeal is not, as the court below thought, a parallel case, as there the administrator sought to be subrogated in his individual right, to the rights of a creditor against the estate of which he was himself the administrator.

*John Lynch*, for Daniel Sullivan, appellee, presented no paper-book. He stated that the application for subrogation was not made on behalf of the estate of James Ward, deceased, but in the interest of another party; that no exception had been taken to the order of the court below, and that the appeal was defective, no oath having been taken.

Chief Justice SHARSWOOD delivered the opinion of the court, April 24th 1882.

That a surety who pays the debt or from whose estate it is paid has a right in equity to be subrogated to the security against his principal—is a doctrine so familiar and well settled as to need no citation of authorities to support it. James Ward, the decedent, was the surety of Daniel Sullivan in the judgment of the Anthracite Building and Loan Association. The judgment was revived against the appellant his administrator. His estate was sold by the Orphans' Court, and $301.25 of the proceeds was applied to this judgment. Why should not his estate be subrogated to this judgment against Sullivan? The learned judge in the court below, thought that the case of Blank's Appeal, 3 Grant 192, ruled the question, and decided against allowing the subrogation. That case has no application. It merely decides that an administrator, who pays a debt of an intestate has no right of subrogation to the original creditor against the estate. The amount in this case was paid out of the estate of the intestate, under the legal liability of the estate, and not by the administrator, and the subrogation claimed is for the estate which the appellant represents, and not for himself personally.

Order discharging the rule for subrogation reversed, and now rule absolute.